**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Bankruptcy Case** |
| **DONALD KENTON KESTER and** | ) | **03-06064** |
| **CHARLOTTE YVONNE KESTER,** | ) | |
| | ) | |
| **Debtors.** | ) | |
| _____ | ) | |
| | | |
| **DONALD KENTON KESTER,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2250-CM** |
| | ) | |
| **KMDI, Inc., et al.,** | ) | |
| | ) | |
| **Appellees.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Appellant, *pro se* debtor in a bankruptcy proceeding, seeks interlocutory review of a bankruptcy

decision granting KMDI, Inc.'s motion to continue the trial set for September 29, 2004.  Appellant filed a

notice of appeal and a Motion Requesting Leave to Appeal Order Sustaining the Plaintiff's Motion to

Continue Trial Scheduled for September 29, 2004 and Setting Deadlines.

The court has discretion under 28 U.S.C. § 158(a)(3) whether to grant leave to appeal an

interlocutory order of the bankruptcy court.  The Tenth Circuit Bankruptcy Appellate Panel has held that

"[l]eave to hear appeals from interlocutory orders should be granted with discrimination and reserved for

cases of exceptional circumstances." *In re Midgard Corp.,* 204 B.R. 764, 769 (10th Cir. BAP 1997).  To

determine whether to allow an interlocutory appeal of a bankruptcy court order, the court generally applies

the standards set forth in 28 U.S.C. § 1292(b). *See In re Sunflower Racing, Inc.,* 218 B.R. 972, 977 (D.

Kan. 1998).  Accordingly, the court may certify an interlocutory appeal when (1) a controlling issue of law

is involved; (2) termination of the litigation may be materially advanced by an immediate appeal; and (3) a

substantial ground for difference of opinion exists regarding the legal question.  *Id.*

In this case, the bankruptcy court granted appellee's motion for a continuance.  The court finds that

the bankruptcy court's decision did not involve a controlling issue of law.  The decision did not involve the

merits of the case at all – it involved case scheduling and deadlines.  The court further concludes that an

immediate appeal will not materially advance termination of the litigation; rather, it will further delay the

bankruptcy case that appellant apparently wants to keep progressing, based on his opposition to the court

continuing the trial date.  Finally, the court finds that no substantial ground for difference of opinion exists

regarding the decision.  Management of the court's docket is a discretionary matter left to the bankruptcy

court to control.  *Cf. Pepe v. Koreny*, 1999 WL 686836, at *2 (10th Cir. Sept. 3, 1999) ("The inherent

authority of a district court to manage its docket includes discretion to grant or deny continuances or

extensions of time." (citations omitted)).

Although appellant mentions numerous other grievances he has about the bankruptcy court's

handling of his case, as well as several issues involving of the merits of the case in the bankruptcy court,

those issues are not before this court on this limited motion for leave to appeal the bankruptcy court's order

continuing the trial.

**IT IS THEREFORE ORDERED** that plaintiff's Motion Requesting Leave to Appeal Order

Sustaining the Plaintiff's Motion to Continue Trial Scheduled for September 29, 2004 and Setting

-3-

Deadlines is denied.  This appeal is dismissed and the case is remanded to the bankruptcy court for further

proceedings.

Dated this 13th day of January 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**